# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-21736-KMM

ANTHONY BERNARD HOWELL,

      Plaintiff,

v.

CAROLYN COLVIN, COMMISIONER of
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff Anthony Bernard Howell's Complaint (ECF No. 1) in which he seeks review of a final decision of the Commissioner of the Social Security Administration. The Court referred this matter to the Honorable Chris M. McAliley, United States Magistrate Judge, who issued a Report and Recommendation (ECF No. 27) recommending that (1) Plaintiff's Motion for Summary Judgment (ECF No. 20) be granted (2) Defendant's Motion for Summary Judgment (ECF No. 23) be denied, and (3) this case be remanded for proceedings consistent with the Report. Defendant filed Objections (ECF No. 30) and Plaintiff filed a Response in Opposition to Defendant's Objections (ECF No. 31). For the reasons that follow the Court REJECTS the Magistrate Judge's Recommendation, GRANTS

Defendant's Motion for Summary Judgment (ECF No. 23), and DENIES Plaintiff's Motion for Summary Judgment (ECF No. 20).[1]

## I.     STANDARDS OF REVIEW

The scope of judicial review of the final decision of the Commissioner of Social Security is limited.  The Court's function is (1) to determine whether the record, as a whole, contains substantial evidence to support the findings and decisions of the Commissioner, and (2) to determine whether the Commissioner applied the correct legal standards.  *Vaughn v. Heckler*, 727 F.2d 1040, 1042 (11th Cir. 1984).  "The Social Security Act mandates that the findings of the [Administrative Law Judge ("ALJ")] as to any fact, if supported by substantial evidence, shall be conclusive."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (quotation marks and citations omitted).  Thus, the district court should not decide facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  "Even if the evidence preponderates against the [ALJ's] findings, [the court] must affirm if the decision reached is supported by substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

As to a magistrate judge's report and recommendation, a district court may accept, reject or modify the report and recommendation after conducting a review of the findings and recommendations.  28 U.S.C. § 636(b)(1)(C); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th

---

[1] The underlying facts of this action are summarized in the Report and Recommendation (ECF No. 27).  The Court ADOPTS the Magistrate Judge's factual summary, including Parts I and II of the Report.

Cir. 1982).  A district court reviews *de novo* the portions of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1)(C).

## II.    ANALYSIS

In the Report, the Magistrate Judge recommends that the Court remand the case so that the ALJ may (1) properly weigh and assign a weight to Dr. Echavarria's opinion, (2) reevaluate Plaintiff's credibility after reweighing Dr. Echavarria's opinion, and (3) reconsider the extent of Plaintiff's non-exertional limitations after reweighing Dr. Echavarria's opinion.  Report and Recommendation at III(A)(ii)–(iv) (ECF No. 27).  Defendant filed objections to the Magistrate Judge's findings.  Def.'s Objections (ECF No. 30).  Plaintiff filed a Response in Opposition to Defendant's Objections, but did not object to the Magistrate Judge's findings and recommendation.  Pl.'s Response (ECF No. 31).

The Defendant first objects to the Magistrate Judge's conclusion that the ALJ erred when she failed to assign a weight to Dr. Echavarria's medical opinion.  Absent good cause, an ALJ is to give the medical opinions of physicians "substantial or considerable weight."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted).  Moreover, the ALJ must "state with particularity the weight given to different medical opinions and the reasons therefor."  *Id.* at 1179 (citation omitted).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Thus when the ALJ fails to "state with at least some measure of clarity the grounds for [her] decision, [the court] will decline to affirm simply because some rationale might have supported the ALJ's conclusion."  *Winschel*, 631 F.3d at 1179 (quotation marks and citation omitted).

In *Winschel*, the claimant argued that the ALJ's treatment of relevant medical opinion evidence was grounds for reversible error, but the district court disagreed and affirmed the ALJ's decision.  *Id.*  On appeal, the Eleventh Circuit reversed, finding that

> the ALJ referenced [claimant's] treating physician only once, and that reference merely noted that [claimant] saw the doctor monthly.  The ALJ did not mention the treating physician's medical opinion, let alone give it "considerable weight." Likewise, the ALJ did not discuss pertinent elements of the examining physician's medical opinion, and the ALJ's conclusions suggest that those elements were not considered.

*Id.*  The court remanded the case and instructed the ALJ to explicitly consider and explain the weight accorded to the medical opinion evidence.  *Id.*

Here, as the Magistrate Judge notes, the ALJ extensively summarized Dr. Echavarria's opinions.  Tr., 17–18 (ECF No. 17).  Following that summary, the ALJ explicitly stated that she relied on those findings to hold that Plaintiff's depressive disorder did not constitute a severe impairment.  *Id.*  The Court thus agrees with Defendant that it is clear from the record that the ALJ accorded Dr. Echavarria's opinion "substantial" or "considerable" weight.  Though the Magistrate Judge expresses concern that potions of Dr. Echavarria's opinion are inconsistent with other non-medical evidence in the record, the Court's function is not to reweigh the evidence or to substitute its own judgment for that of the ALJ.  *Dyer*, 395 F.3d at 1210 (holding that the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision).  Unlike the ALJ in *Winschel*, here, the ALJ clearly stated the extensive grounds for her findings with respect to Plaintiff's mental impairments.  Accordingly, the Court finds that the ALJ did not err in her evaluation of Dr. Echavarria's medical opinion.

Second, Defendant objects to the Magistrate Judge's conclusion that the ALJ must reevaluate her credibility determination.  In this Circuit, "[i]f a claimant testifies as to his subjective complaints of disabling pain and other symptoms . . . the ALJ must clearly 'articulate

4

explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1561). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered [the] medical condition as a whole." *Id.* (quotation marks and citations omitted).

Here, the ALJ found that "the testimony and statements of the claimant regarding persistence, severity, and limiting effects of his impairment are not fully credible." Tr., 21 (ECF No. 17). In support of this finding, the ALJ noted (1) Plaintiff's inconsistent testimony as to his use of his right hand, (2) Dr. Echavarria's suggestion that the claimant was exaggerating his cognitive limitations in the consultative exam, and (3) that Plaintiff's allegations were not supported by the medical evidence of record or by his sporadic work history. *Id.* The Magistrate Judge concludes that because the ALJ's credibility determination was based in part on Dr. Echavarria's opinion, the ALJ must reevaluate Plaintiff's credibility after reweighing Dr. Echavarria's opinion. The Court, however, having concluded that the ALJ properly considered Dr. Echavarria's opinion, finds that there is no error in the ALJ's credibility determination.

Finally, Defendant objects to the Magistrate Judge's finding that the ALJ must "determine the extent, if any, of Plaintiff's non-exertional limitations after properly weighing Dr. Echavarria's opinions" and other relevant evidence. Report and Recommendation, 16 (ECF No. 27). Again, however, the Magistrate Judge's finding stems from the determination that the ALJ erred in her evaluation of Dr. Echavarria's opinion. Accordingly, the Court finds that the ALJ does not need to reconsider the extent of Plaintiff's non-exertional limitations.

**III.     CONCLUSION**

For the foregoing reasons it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment (ECF No. 20) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED.

It is further ORDERED AND ADJUDGED that the Magistrate Judge's Report and Recommendation (ECF No. 27) is REJECTED and the Decision of the ALJ is AFFIRMED.

The Clerk of Court is instructed to CLOSE this case.  All pending motions are DENIED AS MOOT.

Done and ordered in Chambers at Miami, Florida, this 14th day of September, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      Counsel of record